Gerard J. Kirchner, Franklin Kellogg, Marion Kellogg v. John C. Giebink and West Hill Development Corp., and Stowe Club Associates, et al.

[584 A.2d 1120]

No. 88-450

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed September 28, 1990

Motion for Reargument Denied October 30, 1990

352

*Harold B. Stevens*, Stowe, for Plaintiffs-Appellants.

*David A. Barra* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendants-Appellees.

**Allen, C.J.** In *Kirchner v. Giebink*, 150 Vt. 172, 552 A.2d 372 (1988), we remanded this cause for a determination of whether sections 3, 4 and 8 of the agreement between defendants were special assessments. Prior to our determination defendants amended their agreement by deleting section 8. Following our determination defendants further amended their agreement by deleting sections 3 and 4. Defendants then moved for summary judgment in the trial court, asserting that their deletion of the sections at issue had rendered the cause moot. Plaintiffs in turn also moved for summary judgment, claiming that deletion did not make the cause moot as the damage had been done, and in the alternative, that they were entitled to their attorney's fees as prevailing parties under 42 U.S.C. § 1988 (1988). The trial court granted defendants' motion and denied plaintiffs'. Plaintiffs then brought this appeal.

The trial court here struck too quickly in denying plaintiffs' request for attorney's fees. Plaintiffs can prevail on their request for fees only if they can show they were the prevailing party. 42 U.S.C. § 1988. The trial court correctly understood that under the catalyst doctrine, plaintiffs need not have prevailed by direct judicial action as long as they were the catalyst for the relief. See *Hewitt v. Helms*, 482 U.S. 755, 760–61 (1987);

*Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir. 1982). What the trial court misunderstood is the showing plaintiffs were required to make to be considered a catalyst. The trial court commented, in declining to find plaintiffs a catalyst, that "the question remains whether these sections [defendants' action which was the basis of plaintiffs' complaint] are unlawful." This comment was based on the general rule that a plaintiff may recover as a catalyst only "if he can show both a causal connection between the filing of the suit and the defendant's action and that the defendant's conduct was required by law." *Williams,* 672 F.2d at 551. Yet it is clear that the rationale of the catalyst doctrine—allowing recovery where a decision on the merits was somehow avoided—would be wholly eviscerated if a prerequisite to a plaintiff's recovery was a judicial determination on the merits that defendant's conduct was unlawful.

■ Courts have recognized that it would be counter-productive to force the plaintiff to litigate the unlawfulness of defendant's acts to obtain attorney's fees, where the underlying controversy has been settled or otherwise resolved without judicial action. Thus, in *Hennigan v. Ouachita Parish School Board,* 749 F.2d 1148, 1152–53 (5th Cir. 1985), the court construed the latter portion of the general rule as not "requir[ing] the plaintiff to prove, in addition, that the defendant's conduct fulfilled a legal obligation or otherwise to show the defendant's motivation." Instead, the court found that the only prerequisite was that the plaintiff have a colorable or reasonable likelihood of success on the merits. *Id.* at 1153. It went on to hold: "A defendant who contends that his conduct was a wholly gratuitous response to a lawsuit that lacked colorable merit, must demonstrate the worthlessness of the plaintiff's claims and explain why he nonetheless voluntarily gave the plaintiffs the requested relief." *Id.* The proper standard is described more completely in *Ortiz de Arroyo v. Barcelo,* 765 F.2d 275, 282 (1st Cir. 1985) (citations omitted):

> To establish that they are prevailing parties entitled to an award of attorney's fees, however, plaintiffs who have obtained only informal relief must meet both a factual and a legal test. The plaintiffs are prevailing parties as a matter of fact if "the plaintiffs' suit and their attorney's efforts

were a necessary and important factor in achieving the improvements [undertaken by defendants on the plaintiffs' behalf].". . .

If the plaintiffs can establish that their suit "was causally related to the defendants' actions which improved their condition", they must then prove that they have prevailed in a legal sense. The plaintiffs cannot meet this test if it has been judicially determined that the defendants' conduct was not required by law. Where, as here, there has been no such judicial determination on the merits, the district judge should not grant attorney's fees if he determines that the plaintiffs' action "could be considered 'frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so'."

There has been no judicial determination that defendants' conduct, in amending the contract, was not required by law. We cannot say plaintiffs' claims are frivolous, unreasonable or groundless as a matter of law—indeed, we remanded this case in the first instance because we could not say so. Accordingly, we cannot deny fees as a matter of law on the contention that plaintiffs fail to meet the requirements of a catalyst.

■ We also cannot uphold the trial court's decision on the further rationale it used. The trial court denied fees because it considered plaintiffs' remaining claim for damages "too speculative." In order to be considered prevailing parties, plaintiffs must succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing the suit. See *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92 (1989). In this case, plaintiffs sought primarily the voiding of the contract between Stowe Club Associates and the Town of Stowe unless there was a vote of the town authorizing it. In their complaint, plaintiffs raised the fact that they and others faced special assessments as a result of the contract and this monetary "damage" was one of the reasons to reject the contract. The amendment to the contract to strike the possibility of a special assessment may give plaintiffs sufficient benefit to be considered a prevailing party. The court could find that "defendant[s], under pressure of the lawsuit, alter[ed their] conduct (or threatened conduct) towards the plain-

tiff[s] that was the basis for the suit." *Hewitt*, 482 U.S. at 761. The fact that plaintiffs did not prevail on all their claims is not determinative. Nor can it be determinative that plaintiffs were not awarded damages where they also sought cancellation of the agreement.

■ ■ Although we believe the issue of fees must be remanded to the trial court for reconsideration under the proper standard, there is one part of plaintiffs' burden that deserves special emphasis, in part because it has not been raised in the proceedings to date. 42 U.S.C. § 1988 is an authorization for the courts to award attorney's fees to plaintiffs seeking to vindicate federal constitutional and statutory rights. See *Maine v. Thiboutot*, 448 U.S. 1, 9 (1980). Where relief is obtained on state grounds, fees cannot be awarded unless the unaddressed federal ground is "substantial," see *Maher v. Gagne*, 448 U.S. 122, 132 & n.15 (1980), and is "reasonably related to the plaintiff's ultimate success." *Smith v. Robinson*, 468 U.S. 992, 1007 (1984); see also *Seaway Drive-In, Inc. v. Township of Clay*, 791 F.2d 447, 450–55 (6th Cir.) (analyzing these two requirements), *cert. denied*, 479 U.S. 884 (1986). The decision of this Court that apparently resulted in the amendment to the contract was based primarily on 24 V.S.A. § 3254, a state law ground. *Kirchner*, 150 Vt. at 180–84, 552 A.2d at 377–80. To prevail in the instant suit plaintiffs must show on remand, in addition to what is required under *Ortiz de Arroyo v. Barcelo*, that their civil rights act claim was substantial and was related to what success they achieved.

Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

*Reversed and remanded.*