2006 VT 36

## Anne M. Will v. Mill Condominium Owners' Association, et al.

[898 A.2d 1264]

No. 05-019

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed April 28, 2006

*Stephen S. Ankuda* of *Parker & Ankuda, P.C.*, Springfield, for Plaintiff-Appellant.

*Jennifer G. Mihalich* of *Lynn, Thomas & Mihalich, P.C.*, Burlington, for Defendants-Appellees Mill Condominium Owners' Association, Inc., Graham, and McMillen.

*Robert Reis* and *Matthew D. Anderson* of *Reis, Urso & Ewald, LLP*, Rutland, for Defendant-Appellee Nitka.

*T. Darrah Moore* of *Birmingham & Moore, P.C.*, Ludlow, for Defendants-Appellees Seiple.

¶ 1. **Johnson, J.** Plaintiff Anne M. Will, owner of a unit in the Mill Condominiums, challenges the trial court's decision denying her claims for damages, attorneys' fees, and costs resulting from the commercially unreasonable foreclosure sale of Will's condominium by defendant Mill Condominium Owners' Association. We affirm in part and reverse in part.

¶ 2. This is the second time this case has come before us on appeal. The facts underlying the conflict between Will and the defendants are recited in our first decision, *Will v. Mill Condo. Owners' Ass'n*, 2004 VT 22, 176 Vt. 380, 848 A.2d 336 (*"Will I"*). In brief, Will failed to pay her condominium dues for a period of time; in response, the Association foreclosed and sold Will's condominium. The Association sold the condominium to defendants Allen and Linda Seiple for $3,510.10, although the condominium was valued at approximately $70,000.

¶ 3. In turn, Will sued the Association, the Association's attorney (Martin Nitka), and the Seiples, challenging the validity of the foreclosure sale and seeking its rescission. When the trial court indicated that it considered the sale valid and would not order rescission, Will amended her complaint to add claims for money damages based on various theories including breach of contract, mutual mistake, unjust enrichment, inadequacy of consideration, breach of fiduciary duty, and breach of the duty to sell the condominium in a commercially reasonable manner. Upon motions for summary judgment, the trial court ruled in favor of the Association, attorney Nitka, and the Seiples, concluding that the foreclosure sale

was valid and Will was not entitled to damages on any of her additional claims. Specifically, with regard to the Association and attorney Nitka, the court determined: (1) there was no breach of a contractual duty in connection with the foreclosure sale; (2) the sale contract could not be invalidated on grounds of mutual mistake or inadequate consideration; and (3) neither the Association nor attorney Nitka owed Will a fiduciary duty in connection with the foreclosure sale or a duty to conduct the sale in a commercially reasonable manner. With regard to the Seiples, the court concluded: (1) there could be no contract-based cause of action against them because there was no contract between Will and the Seiples; and (2) Will had no claim for unjust enrichment against the Seiples because they had paid for the condominium.

¶ 4. Thus, one of the central findings supporting summary judgment in favor of the Association and attorney Nitka was that they did not owe Will any duty to sell the condominium in a commercially reasonable manner. Will contested this conclusion on appeal, and this was the argument on which she prevailed.[1] We held that a standard of commercial reasonableness applied to the foreclosure sale, and that the Association and attorney Nitka (as the agent of the Association) had failed to meet that standard in this case. *Will I*, 2004 VT 22, ¶¶ 15-18. Accordingly, we reversed and remanded.

¶ 5. Following remand, Will filed a proposed order with the trial court seeking to vacate the foreclosure deed and to set the matter for trial on Will's claim for damages. Will then filed a motion for damages, costs, and attorneys' fees. The trial court vacated the foreclosure immediately and initially indicated that it would hold further proceedings on the claims for damages, attorneys' fees, and costs. Ultimately, however, the trial court denied Will's damages claim, concluding that a trial on damages would exceed the scope of our remand, and also noting that the specific damages claim Will asserted on remand had not been pursued previously. The trial court further denied the claim for attorneys' fees, concluding that fees were not available under the statutory section Will had invoked. Finally, the trial court denied Will's claim for costs because she had not provided an adequate accounting. Will challenges these rulings in her appeal. The trial court denied Will's damages claim and

---

[1] Will also argued that the foreclosure sale was premised on mutual mistake and that the foreclosure violated certain constitutional rights. We rejected both of these arguments.

attorneys' fees as a matter of law; therefore, our review is de novo. *Concord Gen. Mut. Ins. Co. v. Madore*, 2005 VT 70, ¶ 8, 178 Vt. 281, 882 A.2d 1152. We review the denial of costs for abuse of discretion. *Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 16, 176 Vt. 465, 853 A.2d 40.

¶ 6. We first examine whether Will should have been allowed to pursue a claim for damages against the Association and attorney Nitka for breach of the duty to sell the condominium in a commercially reasonable manner. Will claimed damages in the amount of $79,500 for lost use of her condominium, $5,000 for the cost of removing property and storage, $3,500 for replacement of personal property, $1,200 to clean and repair the unit, and $12,500 for lost personal time. We express no view on the merits of these claimed damages, but conclude that Will should at least be allowed to present them to the trial court in the first instance.

¶ 7. The trial court gave three related reasons for concluding that Will could not pursue her damages claim. First, the trial court determined that rescission and money damages were alternative and mutually exclusive remedies. The trial court did not cite authority in support of this proposition, and defendants offer none in their appellate briefing.[2] In fact, while a plaintiff is generally not permitted to recover twice for the same injury, in this case, Will's claim for rescission and her claim for money damages are directed at distinct harms. See *Gokey v. Bessette*, 154 Vt. 560, 565-66, 580 A.2d 488, 492 (1990) (noting general bar on double recovery but concluding that bar did not apply where recovery was for two distinct harms). It is true that Will cannot have the foreclosure sale rescinded and also recover the fair market value of the property, as she would be recovering twice for the same harm (loss of ownership of the condominium); however, that is not what Will seeks here. Rather, she seeks to be compensated for damages resulting from her loss of use of the condominium for an extended period of time — a harm distinct from loss of ownership. See, e.g., *Coty v. Ramsey Assocs.*, 149 Vt. 451, 464, 546 A.2d 196, 205 (1988) (affirming award of damages, including lost rental income, for loss of use of property in nuisance action).

---

[2] Attorney Nitka cites case law to the effect that a party seeking to enforce a real estate contract must elect either specific performance (transfer of the property) or damages. This body of law does not assist us in determining the remedies available to Will, who seeks compensation for breach of a noncontractual duty.

¶ 8. Second, the trial court concluded that this Court had implicitly confirmed that rescission and damages were mutually exclusive remedies by the phrasing of our mandate in *Will I: "Summary judgment is vacated, and the case remanded to the trial court for entry of judgment voiding foreclosure sale of appellant's condominium unit."* 2004 VT 22. Our mandate specifically instructed that the foreclosure be voided, but also generally instructed that the summary judgment be vacated. The mandate does not purport to relate the two forms of appellate relief to one another or to limit their consequences upon remand. To the contrary, the claims disposed of by the summary judgment rulings — based in large part on the trial court's conclusion that the Association and its attorney owed Will no duty — must be reconsidered in light of our decision nullifying that logic.

¶ 9. It is true that, in proceedings on remand, the trial court is limited to the specific directions in the remand order as interpreted in light of the opinion. *Bissonnette v. Wylie*, 168 Vt. 561, 562, 711 A.2d 1161, 1163 (1998) (mem.) (citing *Coty v. Ramsey Assocs.*, 154 Vt. 168, 171, 573 A.2d 694, 696 (1990)). Unless the Court states explicitly otherwise,[3] however, the scope of the remand must encompass the scope of the error found on appeal. *In re UNUM Life Ins. Co. of Am.*, 162 Vt. 201, 205, 647 A.2d 708, 711 (1994) (concluding that Commissioner of Department of Banking, Insurance and Securities did not exceed scope of Supreme Court's remand by making additional findings on remand where (1) mandate did not bar Commissioner from making such findings and (2) additional findings were necessary to carry out mandate). By ignoring the impact of our holding on the claims disposed of in the vacated summary judgment rulings, the trial court failed to implement the remand order in light of the content of our opinion.

¶ 10. Third, the trial court determined that Will's damages claim was waived because she had not raised this particular damages claim previously, stating, "The obvious reason for the limited remand is

---

[3] Examples of cases in which we have explicitly entered limited remands are abundant, and distinct from the language used in *Will I*. See, e.g., *DeKoeyer v. DeKoeyer*, 146 Vt. 493, 498, 507 A.2d 962, 965 (1986) ("*Affirmed; remanded for the limited purpose of considering plaintiff's request for an award of attorney's fees and costs.*"); *Trombetta v. Champlain Valley Fruit Co.*, 117 Vt. 491, 495, 94 A.2d 797, 800 (1953) ("*Judgment as to liability affirmed. Judgment as to damages reversed, and cause remanded for retrial on that issue only.*").

that plaintiff had not pursued further claims for damages." From this statement it is not clear whether the trial court faults Will for failing to include certain, specific damages claims in her amended complaint (i.e., for loss of use of property), or for failing to raise the denial of her damages claims as a separate issue (distinct from the challenge to the ruling that no duty existed) in her first appeal. The Association focuses on Will's failure to discuss her damages claim in the first round of appellate briefing, arguing that Will solely sought rescission of the foreclosure sale as a remedy. Similarly, attorney Nitka asserts that Will has waived any damages claim by failing to file a motion under V.R.A.P. 40 asking this Court to clarify the status of Will's damages claim in light of our mandate in *Will I*.

¶ 11. These arguments fail in light of the record. Will included damages claims based on breach of a duty of commercial reasonableness in the amended complaint. The trial court rejected this theory; Will appealed on that basis and prevailed. We held that the Association and its attorney did owe a duty and had breached that duty. Our decision in *Will I* validated Will's theory of recovery, and therefore the claims based on that theory were revived for determination upon remand. That the specific components of the damages sought by Will have changed between the filing of her complaint and the proceedings on remand is to be expected.[4]

¶ 12. We emphasize that we are not deciding the merits of Will's damages claim, only that it deserves a hearing. The Association and attorney Nitka are entitled to seek to dismiss the claim, move for summary judgment, or pursue whatever strategy they wish. But it was error for the trial court to conclude that the claim was waived, precluded by our remand, or generally unavailable in light of the award of rescission.

¶ 13. Will's claims against the Seiples were not based on the breach of the duty to conduct a commercially reasonable foreclosure sale. Rather, the amended complaint asserted claims against the Seiples for mutual mistake and unjust enrichment. The basis for granting summary judgment in favor of the Seiples was unaltered by our

---

[4] For example, now that rescission has been awarded, Will can no longer seek to recover the value of her unit. Nevertheless, with the passage of time since her original complaint, she may be entitled to damages for the prolonged exclusion from her property — damages that had not yet been realized to a significant extent at the time the amended complaint was filed in 2002.

holding in *Will I*. Furthermore, Will concedes in her brief that these two claims are moot. Therefore, the Seiples are correct that Will no longer has a live claim against them in this action.

¶ 14. Will sought to recover her attorneys' fees under 27A V.S.A. § 3-116(g), the attorneys' fees provision of the statute permitting homeowners' associations to assert a lien over property where the property owner is delinquent in paying assessments. While it is true that the Association foreclosed on Will's condominium under this statute, Will brought a separate declaratory judgment action to challenge the foreclosure sale. Thus, the invalidation of the foreclosure did not take place in the context of a § 3-116 proceeding. Generally, a party must proceed under the applicable statute to recover statutory attorneys' fees. See *Kirchner v. Giebink*, 155 Vt. 351, 355, 584 A.2d 1120, 1122-23 (1990) (indicating that attorneys' fees available under provision of federal statute would not be available if plaintiff prevailed solely on state law grounds). Further, the decision in this case did not invalidate the Association's basic entitlement to foreclosure in light of Will's nonpayment of fees, but rather invalidated the sale because of the surrounding circumstances. Will is not entitled to attorneys' fees under 27A V.S.A. § 3-116(g).[5]

¶ 15. Finally, we consider the trial court's denial of Will's request for costs. The prevailing party in a civil action is entitled to recover his or her costs as a matter of course under V.R.C.P. 54(d). Further, V.R.A.P. 39(a) provides that where, as in *Will I*, judgment is reversed and remanded on appeal, "costs on the appeal shall be taxed against the appellee, [and] costs on the first trial shall be held in abeyance pending judgment in the new trial, when costs of both trials shall be allowed to the prevailing party." The Association faults Will for failing to produce an itemized accounting of her costs. But at the time the trial court requested that Will specify her costs, the court by all appearances was intending to hold further proceedings in the case. Instead, the court's next order was to deny all of Will's

---

[5] In a variation on this argument, the Association argues that 27A V.S.A. § 1-114 limits the damages that Will may recover in the present action. For the same reasons discussed above, this statutory provision does not apply.

claims without further proceedings. Accordingly, denial of Will's costs was premature.[6]

¶ 16. We note that attorney Nitka has filed a motion to dismiss this appeal. The motion presents an argument already covered in attorney Nitka's appellate brief: that further proceedings are not warranted in this case because our remand in *Will I* was limited. In light of our resolution of that issue above, we deny the motion.

*The grant of summary judgment to the Seiples and the denial of attorneys' fees are affirmed. The decision of the trial court is otherwise reversed and remanded for proceedings consistent with this decision. Costs shall be taxed against the Association and attorney Nitka. See V.R.A.P. 39(a).*

---

[6] The fourteen-day time limit for filing an itemized and verified bill of costs cited by the Association applies to recovery of costs incurred in the Supreme Court only. See V.R.A.P. 39(c).