*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-448

MAY TERM, 2014

| | |
|---|---|
| Kenneth P. Felis | } APPEALED FROM: |
| | } |
| | } Superior Court, Lamoille Unit, |
| v. | } Family Division |
| | } |
| | } |
| Vicki-Lee Felis | } DOCKET NO. 9-1-07 Ledm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

A final judgment in this divorce action was entered in December 2011. Husband appealed and this Court affirmed the majority of the order, but reversed and remanded the division of marital property. The trial court issued an order pursuant to the remand. Husband appeals the decision on remand, arguing that the trial court impermissibly expanded the limited scope of the remand and violated the law of the case. We affirm.

The underlying facts of the divorce are recited in the first appeal decision, and need not be recounted again in detail. See Felis v. Felis, 2013 VT 32, 193 Vt. 555. In brief, the parties had a long-term marriage. Wife was the primary caregiver for the parties' children and did not work outside the home. Id. ¶ 3. Husband was a successful businessman with several small businesses. The divorce was contested, and the parties disputed, among other things, how to divide the marital estate, which was valued at approximately nine million dollars. Id. In its property division, the family court divided the assets between the parties, granting wife $5,539,450 of the estate and husband $4,158,647. One item included in the property division was a Merrill Lynch cash account. The court's distribution indicated that wife should receive $1,000,000 and husband $441,068 from the account. In a footnote, the court indicated: "If the total cash amount(s) available from all accounts is something different than the amount relied on by the court in finalizing this decree (i.e. at least $1.69 million, the figure used in fn. 84 above), then the distribution required by this ¶ 9 shall be a pro rata amount as discussed above in fn. 86." Footnote 86 related the same idea: "If the actual amount of remaining cash in all accounts is significantly less (or perhaps even marginally greater) than the numbers used by the court here, as of 7/1/11, then the distribution to each party should be on a pro rata basis, in the same percentage."

The court credited to husband two amounts totaling $250,000 as if they were marital property when in fact the money had been issued as an unsecured loan and paid to an administrative assistant. On appeal, this Court reversed, holding that funds could be returned as assets to the marital estate only if dissipation was proven by showing that the expenditures were intentionally wasted for purposes unrelated to the marriage. Id. ¶¶ 20-21. Because there were no findings to demonstrate these necessary facts, this Court remanded the property award. Id. ¶ 25.

On remand, the trial court found that there was insufficient evidence for the court to make the necessary findings to support dissipation of assets. Therefore, the court modified its factual findings and deleted the $250,000 from husband's side of the ledger. To "essentially maintain an equivalent overall allocation and distribution of the total marital assets," the court added $125,000 to plaintiff's portion of the Merrill Lynch account and reduced defendant's portion by $125,000. The court made an additional change to its final order. The court acknowledged that there was a discrepancy in the final order between the award of sums certain from cash accounts and the footnotes that suggested there would be a pro rata distribution if at the time of distribution the funds were insufficient to make the specified payments to both parties. To alleviate any confusion, the court struck footnotes 86 and 91. Husband now appeals a second time.

On appeal, husband first argues that the trial court exceeded the narrow scope of this Court's remand by modifying the divorce order in a manner unrelated to the $250,000. According to husband, the remand was to remedy the error of including the nonexistent $250,000 asset in the marital estate and the court was without power to consider other property division issues.

On remand, "the trial court is limited to the specific directions in the remand order as interpreted in light of the opinion." Will v. Mill Condo. Owners' Ass'n, 2006 VT 36, ¶ 9, 179 Vt. 500. Here, this Court instructed that because the trial court "erred in determining the elements of the marital estate, and its value, and, as a result the property award, we must reverse and remand the property award." Felis, 2013 VT 32, ¶ 25. Our mandate affirmed the judgment "with respect to parent-child contact, maintenance and attorney's fees," but stated that "[t]he judgment with respect to the division of marital property is affirmed in part, and reversed in part, and remanded for proceedings consistent with this opinion."

The trial court did not impermissibly act outside the scope of the remand. This Court simply reversed and remanded the property award. The mandate and the text of the opinion did not limit the trial court to simply removing the $250,000, but allowed the trial court the opportunity to revisit the entire property award in light of any change. Given the broad discretion the trial court holds in fashioning an appropriate division of property, this is our usual practice. See Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶ 56, 193 Vt. 490 (recognizing that trial court's error in property division usually results in remand of entire property division).

Husband also contends that the court's decision to strike the footnotes referring to pro rata distribution violated the law of the case doctrine. The law of the case doctrine is a rule of practice that provides that once a court decides a particular rule of law, that decision governs the same issue in subsequent stages of the same case. Gardner v. Jefferys, 2005 VT 56, ¶ 14, 178 Vt. 594 (mem.). There is, however, no law of the case absent a judicial decision establishing the particular rule of law. In re Chittenden Solid Waste Dist., 2007 VT 28, ¶ 29, 182 Vt. 38. Here, husband views as settled and final the division of the Merrill Lynch cash account, and therefore claims the trial court's decision deleting the footnotes altered the law of the case. The simple answer is that there was no judicial decision on the matter; the property division was not yet final. This Court found error in the trial court's determination of what property should be included in the marital estate and remanded the property award. Therefore, the court was not barred by the law of the case from revising the property division.

Finally, husband argues that the trial court misconstrued and misapplied the holding of Meyncke v. Meyncke, 2013 VT 82, when it chose to keep the sums certain and delete the

footnotes requiring a pro rata distribution of the accounts.  We need not reach this argument because the court's decision to award property based on a sum certain rather than a pro rata share was entirely within the family court's discretion in dividing property and not dependent on the holding of Meyncke.  See Brinckerhoff v. Brinckerhoff, 2005 VT 75, ¶ 10, 179 Vt. 532 (mem.) (noting family court has "broad discretion" to craft property award).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Amy M. Davenport, Superior Judge,
Specially Assigned