J-S30043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL CARTER | |
| Appellant | No. 1996 EDA 2015 |

Appeal from the PCRA Order June 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1213321-1992

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 06, 2016**

Appellant Daniel Carter appeals from the June 8, 2015 order of the Philadelphia Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court has summarized the factual history of this case as follows:

> On July 3, 1992, at approximately 1:30 a.m., [Appellant] and one Jamal Jones arrived at the home of Daniel Witherspoon at 711 Mercy Street in Philadelphia. Appellant requested to speak with Shawn "Ali" Bain, who was Witherspoon's step-son and resided with him. Appellant asked Bain if he could borrow his twelve gauge sawed-off shotgun.  Bain agreed and retrieved the shotgun, loaded with three shells, from his bedroom. Appellant and [Jones] left with the shotgun and met one Wayne "Hawk" Witherspoon. The three men proceeded to a playground, approximately one and one-half blocks from [Daniel] Witherspoon's house. Once inside the playground, [Appellant] approached the victim, Darryl Chinn, who was sitting on a park bench facing the basketball court.

Appellant fired a single, fatal shot into Chinn's groin and pelvis from approximately two yards away.

\*\*\*

On October 31, 1992, [Appellant] was arrested and charged with the murder of Darryl Chinn.

***Commonwealth v. Carter***, 661 A.2d 390, 391-92 (Pa. Super. 1995).

This Court has summarized the procedural history of this case as follows:

> At the conclusion of a two-day bench trial, the trial court found Appellant guilty of first-degree murder, possession of an instrument of crime, [possession of prohibited offensive weapon,] and criminal conspiracy.[1] Subsequently, the trial court sentenced Appellant to life in prison for his murder conviction, and a suspended sentence on the remaining convictions. Appellant filed a timely [notice of] appeal to this Court. On June 6, 1995, a divided panel affirmed Appellant's judgment of sentence. ***Carter***, ***supra***. On April 9, 1996, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Carter***, 675 A.2d 1242 (Pa. 1996).
>
> On July 7, 1997, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. The PCRA court held two days of evidentiary hearings. By opinion and order dated January 5, 1999, the PCRA court denied relief. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on March 7, 2000, we adopted the PCRA court's opinion as our own in affirming its denial of post-conviction relief. ***Commonwealth v. Carter***, 757 A.2d 990 (Pa. Super. 2000) (unpublished memorandum). On July 5, 2000, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Carter***, 785 A.2d 87 (Pa. 2000).

---

[1] 18 Pa.C.S. §§ 2502, 907, 908, and 903, respectively.

On September 21, 2010, Appellant filed a second PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. While acknowledging that his serial petition was untimely, Appellant asserted that he filed it within sixty days of obtaining . . . new evidence. The PCRA court summarized the claim within the amended petition as follows:

> In this Amended Petition, [Appellant] claimed that on July 20, 2010, a woman named Raynell[e] Allen wrote [Appellant] a letter in which she informed him that her then-boyfriend [Jamal Jones], had confessed to her on the night of the shooting at issue in this case that he, and not [Appellant,] committed the murder of which [Appellant] was convicted. [Jamal Jones] passed away on December 22, 2005.

PCRA Court Opinion, 11/7/13, at 2 (footnote and citations omitted).

The PCRA court then explained the subsequent procedural history as follows:

> On November 16, 2012, Judge Temin ordered that an evidentiary hearing be held on [Appellant's] [newly]-discovered evidence claim. Due to Judge Temin's retirement from the bench, this PCRA [petition] was then reassigned to the [PCRA court]. On July 26, 2013, following an evidentiary hearing and supplemental pleadings by both parties, the [c]ourt entered an order dismissing [Appellant's] PCRA petition. [PCRA counsel] subsequently withdrew from representation, and [Appellant] requested permission to proceed *pro se*. The PCRA court held a **Grazier**[2] hearing and permitted [Appellant] to represent himself.

PCRA Court Opinion, 11/7/13, at 2 (footnote omitted).

_____

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

- 3 -

Memorandum at 1-4, *Commonwealth v. Carter*, No. 2446 EDA 2013 (Pa.Super. filed Nov. 7, 2014) (unpublished memorandum).

During the pendency of the appeal of Appellant's second PCRA petition, he filed an application for remand requesting a remand to the trial court to review the declaration received from prior counsel, who had represented Appellant during federal post-conviction proceedings. The declaration stated that counsel does not recall seeing the statement that Raynelle Allen provided to police after the shooting. This Court deferred determination of the application to the merits panel. Order, *Commonwealth v. Carter*, No. 2446 EDA 2913 (Pa.Super. filed May 28, 2014.

Ms. Allen's statement to the police included that she found the victim, whom she did not know, at the playground, and called the police. PCRA Petition, at Exh. H. She also stated that there was no one at the playground when she found the victim, but a "girl named Yatta" was sitting on the steps of "609 Mercy St. and there was somebody else sitting there with her." *Id.* She also stated that "Allan" had told her he heard gunshots and that she walked to the playground with "Allan[,] Marvetta, John and Mark." *Id.* She also stated that Yatta said she heard the gunshots. *Id.* When asked whether she knew anyone who had ever fired a gun around the playground, Ms. Allen responded "[a] lot of them young boys be shooting around there," "[o]ne of them lives on 7th and Mercy, his name is Ali," and "[a]nother boy

- 4 -

lives at 6th and McKean but I don't know his name." ***Id.*** She said "[h]e lives in a shackey looking house that I think is green." ***Id.***[3]

On November 7, 2014, this Court affirmed the PCRA court's order dismissing Appellant's second PCRA petition as untimely.

On December 29, 2014, Appellant filed the instant PCRA petition, his third. On May 15, 2015, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On June 6, 2015, Appellant filed a response to the notice of intent to dismiss.[4] On June 8, 2015, the PCRA court dismissed the petition as untimely.

On June 17, 2015, Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> I. Did the PCRA court err in finding that the Appellant's current serial PCRA petition was not timely filed?
>
> II. Was [p]rior PCRA counsel ineffective for failing to interview and subpoena witnesses for the PCRA evidentiary hearing?

---

[3] At the June 21, 2013, evidentiary hearing, Ms. Allen testified that her boyfriend, James Jones, told her that he shot the victim.

[4] This response was dated June 6, 2015, and stamped as filed on June 8, 2015.

> III. Did the Commonwealth commit a **Brady**[5] violation when it failed to provide a pretrial statement given by Raynelle Allen?

Appellant's Brief at 4.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Monaco**, 996 A.2d at 1079; **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. To establish that an exception to the PCRA time-bar applies, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

---

5 **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking an exception to the PCRA time-bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on July 8, 1996, when the time to seek review by the Supreme Court of the United States expired.[6] He had one year from that date, i.e., July 8, 1997, to file a timely PCRA petition. Therefore, his current petition, filed on December 29, 2014, is facially untimely.

Appellant's petition remains untimely unless his PCRA petition alleged and proved a PCRA time-bar exception. His petition raises an ineffective assistance of counsel claim and a **Brady** claim.

_____

[6] Appellant had 90 days from the date the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for a writ of *certiorari* with the Supreme Court of the United States. **See** U.S. Sup. Ct. R. 13; **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa.Super.1998) (applying Rule 13 to judgment of sentence entered May 15, 1996).

Allegations of ineffective assistance of counsel do not establish a time-bar exception.  *Commonwealth v. Wharton*, 584 A.2d 1120, 1127 (Pa.2005).[7]  Appellant's *Brady* claim also fails to establish an exception to the PCRA time-bar.

Where a petitioner alleges a *Brady* claim in a PCRA petition filed more than one-year after a judgment of sentence became final, the petitioner must establish the claim qualifies under the newly-discovered evidence exception to the PCRA time bar.  *Commonwealth v. Bennett*, 930 A.2d 1264, 1271-72 (Pa.2007).  To establish the newly-discovered evidence exception, the petitioner must establish 1) "the facts upon which the claim was predicated were unknown" and 2) the facts "could not have been ascertained by the exercise of due diligence*.*" 42 Pa.C.S. § 9545(b)(1)(ii); *Bennett*, 930 A.2d at 1272.

Appellant's PCRA petition alleges that he learned of the statement Raynelle Allen provided to the police following the shooting when the Commonwealth used it to cross-examine Ms. Allen at the 2013 evidentiary hearing.  PCRA Petition at 8. He maintains he had no knowledge of this

_____

[7] Appellant raised PCRA counsel ineffectiveness claims in his appeal of the denial of his second PCRA petition, including a PCRA counsel ineffectiveness claim for failing to investigate the alleged *Brady* violation.  Memorandum at 9, *Commonwealth v. Carter*, No. 2446 EDA 2013 (Pa.Super. filed Nov. 7, 2014) (unpublished memorandum); Brief at 58, *Commonwealth v. Carter*, No. 2446 EDA 2013 (Pa.Super. filed Apr. 7, 2014).  This Court found those claims waived, because Appellant raised them for the first time on appeal. Memorandum at 9, *Carter*, No. 2446 EDA 2013.

statement prior to the hearing. He further maintains that following the hearing he wrote letters to his prior counsel and hired an investigator to determine whether they had reviewed the statement. *Id.* at 9-10. Appellant received a declaration and verified statement from the counsel who represented him during this federal habeas corpus proceedings, which stated counsel had not been presented with the statement and she had no recollection of having seen it, or any reference to Ms. Allen or her statement, in the case notes she reviewed. *Id.*[8] Appellant's PCRA petition, however, fails to state what facts in Ms. Allen's statement he did not know, or could not have known with due diligence. In his appellate brief, he asserts the statement would tend to establish that there were other individuals in the area that had been known for shooting guns. However, this is not a fact that was unknown to Appellant or that could not have been ascertained with due diligence.[9]

_____

[8] The declaration and verified statement from Appellant's prior counsel is dated April 16, 2014, and Appellant filed an application for remand on May 8, 2014. He then filed the instant petition on December 29, 2014, within 60 days of this Court's order affirming the dismissal of his prior PCRA petition. *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa.2000) (when appellant's PCRA appeal is pending, a subsequent petition cannot be filed until the resolution of review of pending PCRA petition by highest state court in which review is sought, or upon the expiration of the time for seeking such review; the subsequent petition must be filed within 60 days of date of order which finally resolves the previous PCRA petition).

[9] Although there are other facts, including names of potential witnesses, in the statement, Appellant does not assert that he did not know those facts, or that he did not know of the existence of the witnesses, at an earlier time.

Accordingly, Appellant has failed to allege and prove any exception to the PCRA time bar, and the PCRA court properly dismissed his third PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016