134 Nev., Advance Opinion 46

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CARRINGTON MORTGAGE HOLDINGS, LLC, Appellant, vs. R VENTURES VIII, LLC, A NEVADA SERIES LIMITED LIABILITY COMPANY OF THE CONTAINER R VENTURES, LLC, UNDER NRS 86.296, Respondent. | No. 71437 |



FILED

JUN 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order awarding costs and attorney fees in a quiet title action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Reversed.*

Akerman LLP and Natalie L. Winslow, Ariel E. Stern, and Tenesa S. Scaturro, Las Vegas,
for Appellant.

Cooper Coons, Ltd., and Thomas Miskey and J. Charles Coons, Las Vegas,
for Respondent.

---

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

By the Court, GIBBONS, J.:

The solitary issue in this case concerns the proper interpretation and application of former NRS 116.3116(8).[1] Respondent

---

[1]The 2015 Legislature revised NRS Chapter 116 substantially. Any references in this opinion to statutes codified in NRS Chapter 116 are to the

18-22653

acquired interest in a property pursuant to a homeowners' association foreclosure sale and successfully obtained a judgment quieting title against appellant. Thereafter, respondent requested costs and attorney fees pursuant to NRS 116.3116(8), which the district court granted. NRS 116.3116(8) provided that "[a] judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party." We conclude that "any action brought under this section" refers to an action by a homeowners' association to enforce its assessment lien, not a quiet title and declaratory judgment action by a third-party purchaser at such a sale. Thus, the district court erred in awarding respondent costs and attorney fees pursuant to NRS 116.3116(8).

## BACKGROUND

The facts underlying the instant appeal are undisputed by the parties. Appellant Carrington Mortgage Holdings, LLC, was assigned a deed of trust on a property located in Las Vegas. The former owner of the property became delinquent on her payments to the Southern Terrace Homeowners Association. As a result, the homeowners' association initiated nonjudicial foreclosure proceedings pursuant to NRS 116.3116, which culminated in the property being sold to respondent R Ventures VIII, LLC. Respondent then filed an action to quiet title pursuant to NRS 30.010 *et seq.* against several nonparty entities, claiming that the NRS 116.3116 foreclosure sale at which it acquired title extinguished all junior liens. The parties stipulated to add appellant as a defendant. Both parties filed

---

version of the statutes in effect in 2013, when the dispute between the parties arose. The 2015 Legislature retained the costs and attorney fees provision in former NRS 116.3116(8), but it is now codified as NRS 116.3116(12).

 

motions for summary judgment. The district court granted respondent's motion and denied appellant's motion.

Thereafter, respondent requested costs and attorney fees pursuant to NRS 116.3116(8). The district court granted respondent's request on the basis that respondent's claims were brought under NRS 116.3116 and are the type of claims contemplated by NRS 116.3116(8). This appeal followed.

## DISCUSSION

Appellant argues that the district court erred in awarding respondent costs and attorney fees pursuant to NRS 116.3116(8), asserting that such an award is available only to a party who prevails in an action brought by a homeowners' association to enforce its assessment lien. Respondent argues that NRS 116.3116(8) allowed a prevailing party to recover its costs and attorney fees in any action involving claims that relate to an NRS 116.3116 lien foreclosure. By its terms, NRS 116.3116(8) mandates the award of costs and attorney fees only in an "action brought under this section" by a homeowners' association to enforce its lien, not collateral litigation between third parties following an NRS 116.3116 foreclosure sale.

When issues concerning attorney fees implicate questions of law, such as statutory construction, the proper review is de novo. *In re Estate & Living Tr. of Miller*, 125 Nev. 550, 552-53, 216 P.3d 239, 241 (2009). "This court has established that when it is presented with an issue of statutory interpretation, it should give effect to the statute's plain meaning." *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 125 Nev. 223, 228, 209 P.3d 766, 769 (2009). Therefore, "when the language of a statute is plain and unambiguous, such that it is capable of only one meaning, this court

 

should not" look beyond the plain meaning of the statute. *Id.* at 228-29, 209 P.3d at 769.

Nevada's HOA lien statute, NRS Chapter 116.3116, is modeled after the Uniform Common Interest Ownership Act of 1982, § 3-116, 7 U.L.A., part II 121-24 (2009) (amended 1994, 2008) (UCIOA), which Nevada adopted in 1991, *see* NRS 116.001. NRS Chapter 116 confers to a homeowners' association a superpriority lien on a homeowner's unit for unpaid assessments and fines levied against the unit. *See* NRS 116.3116(1)-(2). The specific statute at issue, NRS 116.3116(8), stated that "[a] judgment or decree in any action brought under this section must include costs and reasonable attorney's fees for the prevailing party." Throughout NRS 116.3116 *et seq.*, the Legislature used the term "action" to refer to an action by a homeowners' association to enforce its lien, whether by judicial or nonjudicial foreclosure sale. *See* NRS 116.3116(2) ("The lien is also prior to all security interests . . . to the extent of the assessments for common expenses . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ."); NRS 116.3116(7) ("This section does not prohibit actions to recover sums for which subsection 1 creates a lien or prohibit an association from taking a deed in lieu of foreclosure."); NRS 116.3116(11) ("In an action by an association to collect assessments or to foreclose a lien created under this section . . . .").[2] Thus, we conclude that NRS 116.3116(8) plainly and unambiguously granted to a prevailing party costs and attorney

_____

[2]Although NRS 116.3116 permitted both nonjudicial and judicial foreclosure sales, NRS 116.3116(8) appears limited to the latter, given its reference to a "judgment" or "decree."

fees in an action initiated by the homeowners' association to enforce its lien pursuant to NRS 116.3116's superpriority lien provision.

Here, the homeowners' association foreclosed on the property pursuant to NRS 116.3116's superpriority provision. However, NRS 116.3116 does not authorize appellant's quiet title action even though appellant may have relied on the statute in framing its quiet title complaint. Thus, appellant's action was not brought under NRS 116.3116, which is required to receive attorney fees pursuant to NRS 116.3116(8). Rather, appellant's action was brought under NRS 30.010 *et seq.*, which authorizes actions to quiet title.

Caselaw from other jurisdictions also supports our conclusion. The purpose of the UCIOA is "to make uniform the law with respect to the subject of this chapter among states enacting it." NRS 116.1109(2). Vermont's Common Interest Ownership Act, modeled after the UCIOA, contains an identical costs and attorney fees provision. *See* Vt. Stat. Ann. 27A Art. 3, § 3-116(h) (2012) (providing "[a] judgment or decree in any action brought under this section shall include an award of costs and reasonable attorney fees to the prevailing party"). In *Will v. Mill Condominium Owners' Ass'n*, the Vermont Supreme Court addressed whether a condominium owner could receive costs and attorney fees pursuant to Vt. Stat. Ann. 27A Art. 3, § 3-116(g) (2006).[3] 898 A.2d 1264, 1266, 1269 (Vt. 2006). The owner had successfully initiated a suit against the homeowners' association challenging the validity of the foreclosure sale and requested

---

[3]At the time of the Vermont Supreme Court decision, Vt. Stat. Ann. 27A Art. 3, § 3-116(h) (2012), was codified as Vt. Stat. Ann. 27A Art. 3, § 3-116(g) (2006).

costs and attorney fees pursuant to § 3-116(g). *Id.* Like NRS 116.3116(1), Vermont's statute permits "homeowners' associations to assert a lien over property where the property owner is delinquent in paying assessments." *Id.* at 1269. The court explained, "[g]enerally, a party must proceed under the applicable statute to recover statutory attorneys' fees." *Id.* Thus, "[w]hile it is true that the Association foreclosed on [the owner's] condominium under this statute," the owner's suit challenging the validity "of the foreclosure did not take place in the context of a § 3-116 proceeding." *Id.* As a result, the court held that the owner was not entitled to attorney fees under § 3-116(g). *Id.* Accordingly, we conclude that respondent was not entitled to costs and attorney fees pursuant to NRS 116.3116(8). Thus, we reverse the district court's order awarding respondent costs and attorney fees.

_____, J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty