## STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 216-6-20 Wncv

2020 NOV 18 P 3: 59

Latonia Congress,
    Plaintiff

v.

State of Vermont,
State of Vermont,
Benjamin Watts,
Heidi Fox,
Centurion of Vermont LLC,
Steven Fisher,
    Defendants

**DECISION ON MOTION**

### Defendants' Partial Motion to Dismiss

Plaintiff Latonia Congress alleges that, while a Vermont inmate, she was provided inadequate audiology care for an extended time by Defendant Centurion of Vermont LLC, which provided healthcare services to Vermont inmates under contract with the Vermont Department of Corrections. The previous contractor supplied hearing aids to Ms. Congress, who claimed that they had become painful and did not work properly. She alleges that Centurion, contrary to its own internal staff recommendations and its promises, and despite her many complaints, did not repair her hearing aids, provide her with functioning ones, or otherwise address her hearing deficiency. She asserts many legal claims in her most recently amended complaint against Centurion, the State, and several of their agents.

The Vermont Human Rights Commission separately filed suit against Centurion and the State (but not their agents) asserting discrimination against Ms. Congress on the basis of disability (one of the claims in Ms. Congress's complaint) in a case docketed as No. 143-3-20 Wncv. The HRC case was consolidated with Ms. Congress's case, and both now are proceeding under the docket number captioned above.[1]

In a joint motion, all defendants to Ms. Congress's complaint seek dismissal, in part, on the following grounds: (1) there is no cause of action under the Vermont constitution for cruel and unusual punishment; (2) the disability discrimination claims separately asserted by different plaintiffs impermissibly overlap; (3) the due process claim is not actionable under the Fifth Amendment; and (4) there is no due process claim under the Vermont constitution because there is no property right at issue.

---

[1] More particularly, the HRC filed suit first. Ms. Congress, with her later-filed complaint, filed a motion purporting to seek to "join" the two cases under Rule 20. No one objected, and the court granted that motion on September 3, 2020. To be clear, the court understands the motion to have intended Rule 42(a) consolidation, and the court's September 3 order to have granted that.

*Cruel and Unusual Punishment under the Vermont Constitution*

Ms. Congress asserts violations of her right to be free from cruel and unusual punishment under both Chapter I, Article 18 of the Vermont Constitution and the Eighth Amendment of the U.S. Constitution. Defendants argue that the Article 18 claim should be dismissed because there is no such right in Article 18, and it would not be "self-executing" anyway.

There is little question that Vermont's constitution prohibits cruel and unusual punishment. The right is not expressly described in Article 18. There is an express prohibition of excessive fines in Chapter II, Article 39. In *State v. Burlington Drug Co.*, 84 Vt. 243 (1911), however, the Court clearly explained that, together, Articles 18 and 39, amount to a prohibition of cruel and unusual punishment: "[W]hen our Constitution declares that the fundamental principles of justice and moderation shall be constantly regarded and adhered to by legislators and magistrates, it asserts the right of the people to protection against excessive fines and cruel and unusual punishments as emphatically as it could have done by less comprehensive words." *Id.* at 250.

Ms. Congress's complaint reasonably refers to this right. See V.R.C.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Defendants have not offered any cogent reason why the right, so well-articulated under its federal counterpart, would not be self-executing under the Vermont constitution. There is no basis for dismissal of this claim.

*Overlapping Damages Claims*

The HRC has jurisdiction to enforce "prohibitions against discrimination," including by seeking "[c]ompensatory and punitive damages on behalf of an aggrieved individual." 9 V.S.A. § 4553(a)(6)(A)(iii). In the earlier-filed suit, the HRC seeks such damages on behalf of Ms. Congress, though she is not a party to that suit. In the later-filed suit, Ms. Congress seeks those damages directly. Double recoveries are barred as unjust enrichment. See *Town of Stowe v. Stowe Theatre Guild*, 2006 VT 79, ¶ 5, 180 Vt. 165. Damages that address different harms, however, do not necessarily overlap impermissibly. See *Will v. Mill Condo. Owners' Ass'n*, 2006 VT 36, ¶ 7, 179 Vt. 500.

While there is apparent overlap between the plaintiffs' damages claims, and no double recovery will be permitted, this does not counsel in favor of dismissal of either claim. The issue affects any damages awards only and can be handled in the mechanics of trial and any such awards. Both parties are entitled to prosecute their claims to judgment, and both may be entitled to damages that the other is not (such as the imposition of a civil penalty on the HRC's claim). Neither claim needs to be dismissed on this basis.

*Due Process under the Fifth Amendment*

Ms. Congress asserts one of her federal due process claims under the Fifth Amendment, purportedly by way of the Fourteenth. "Since the Fourteenth Amendment procedural Due Process Clause applies directly to the states, an application of the Fifth Amendment Due Process Clause to the states through the incorporation theory is redundant and unnecessary." *Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796, 809 n.22 (R.I. 2005). This claim is dismissed. Ms. Congress has also asserted a Fourteenth Amendment due process claim.

*Vermont Constitution ch. I, art. 4*

Ms. Congress also asserts a due process claim under the Vermont Constitution, which provides: "Every person within the state ought to find a certain remedy, by having recourse to the law, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; conformably to the laws." Vt. Const. ch. I, art. 4. "Where a substantive right—e.g., a property interest—already exists, conferred by statute or common law, Article 4 can protect a plaintiff against deprivation of that right without due process." *Nelson v. Town of Johnsbury Selectboard*, 2015 VT 5, ¶ 44, 198 Vt. 277. Defendants argue—as their exclusive basis for dismissal of this claim—that Ms. Congress has not asserted any such substantive right.

Ms. Congress responds that the hearing aids that were supplied to her by the previous contractor so became her property, and Defendants deprived her of that property by retaining them for approximately 9 months without justification. Ms. Congress has not failed to assert a property interest, and thus this claim will not be dismissed on that basis.

Order

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part.



). 

Robert R. Bent,
Judge